NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| SAMUEL ZEV JURAVEL, | : | CIV. NO. 20-7178(RMB) |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | |

BUMB, District Judge

On June 12, 2020, Petitioner Samuel Zev Juravel, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), which provides that the Court shall dismiss the petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief …." Rule 4 is applicable to petitions brought under 28 U.S.C. § 2241, pursuant to Rule 1, scope of the rules.

---

[1] The United States of America is not a proper respondent to the petition for writ of habeas corpus under 28 U.S.C. § 2241. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("in habeas challenges to present physical confinement-"core challenges"-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held…."))

I.   THE PETITION

Petitioner alleges that he suffers chronic medical conditions that put him at serious risk if he contracts the COVID-19 virus, the spread of which is poorly controlled at FCI Fort Dix due to limited testing. (Pet., Dkt No. 1 at 3-4.) Petitioner further alleges that he has attempted to exhaust his administrative remedies seeking home confinement under the CARES Act and compassionate release under the First Step Act, but his requests have been denied for administrative reasons. (Pet., Dkt No. 1 at 5-6.) Petitioner claims exhaustion is futile based on the responses to his remedy requests and the emergency nature of relief that he seeks to protect his health and safety. (Id. at 6-9.)

Petitioner also asserts jurisdiction under 28 U.S.C. § 2241 based on his allegations that conditions at FCI Fort Dix violate the Eighth Amendment. (Id. at 10-13.) Petitioner alleges that the inability to social distance and the movement of staff and inmates between the compounds put his health at serious risk if he contracts the COVID-19 virus. (Id. at 12-13.) Petitioner alleges staff at FCI Fort Dix are deliberately indifferent to the threat to his health and safety because they ignore the protocols put in place to stop the spread of the virus. (Id. at 13.) He alleges infected inmates are housed with healthy inmates, hand sanitizers are not replenished, and even staff who move from the quarantine unit to regular housing units do not wear their masks. (Id.) For relief, Plaintiff seeks release to home confinement. (Id. at 14.)

II.  DISCUSSION

First, this Court lacks jurisdiction to grant Petitioner compassionate release, which he may seek from his sentencing court under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[2] Second, this Court lacks jurisdiction to address Petitioner's Eighth Amendment conditions of confinement claim in a § 2241 habeas petition. Wragg v. Ortiz, No. CV 20-5496 (RMB), 2020 WL 2745247, at *15 (D.N.J. May 27, 2020) (quoting Cardona v. Bledsoe, 681 F.3d 533, 536 (3d Cir. 2012)). If Petitioner wishes to bring a suit about conditions of confinement, he may do so in a civil rights action, after exhausting administrative remedies that are available to him. See 42 U.S.C. § 1997e(c)(1).

Third, Petitioner attached to his petition the BOP's denial of his request for relief under the CARES Act, which states the reason for denial was that Petitioner was convicted of a sex offense. (Pet., Ex. B, Dkt. No. 1-1 at 4.) Commission of a sex offense renders a prisoner ineligible for home confinement under the CARES Act. See March 26 and April 3, 2020 Attorney General Memoranda to the Director of Bureau of Prisons.[3] In his petition, Petitioner does not challenge the BOP's finding that he was

---

[2] It appears that Petitioner was sentenced in the United States District Court, Northern District of Alabama. See United States v. Juravel, 06cr-126-LSC(N.D. Ala.). Available at www.pacer.gov.

[3] Available at https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp (lasted visited June 24, 2020).

convicted of a sex offense. Therefore, Petitioner has not raised any basis for relief under the CARES Act. The Court will dismiss the petition without prejudice.

An appropriate Order follows.

Date:  June 26, 2020          **s/Renée Marie Bumb**
                              RENÉE MARIE BUMB
                              United States District Judge

3